IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RICHELLE K. NORMAN, | ) |
| Plaintiff, | ) |
| v. | ) No. 13 cv 3465 |
| | ) Judge Sharon Johnson Coleman |
| NORTHERN ILLINOIS GAS COMPANY d/b/a NICOR GAS COMPANY, INC., | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Richelle K. Norman, *pro se*, filed a two-count First Amended Complaint on June 27, 2013, against defendant Northern Illinois Gas Company d/b/a Nicor Gas Company, Inc., ("Nicor"), alleging that Nicor called her telephone number after she placed it on the national do-not-call registry in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.*, and the Telemarketing and Consumer Fraud and Abuse Prevention Act, ("Telemarketing Act"), 15 U.S.C. § 6101, *et seq.* Nicor moves to dismiss the First Amended Complaint [22] for failure to state a claim and for lack of standing pursuant to *Federal Rule of Civil Procedure* 12(b)(1) and 12(b)(6).

Shortly after the parties finished briefing Nicor's motion to dismiss the First Amended Complaint, Norman filed a motion for leave to file a Second Amended Complaint [33]. This Court took Norman's motion for leave to file a Second Amended Complaint under advisement without briefing to be considered in conjunction with the motion to dismiss the First Amended Complaint. For the reasons stated below, this Court grants Nicor's motion and dismisses the First

Amended Complaint. This Court further finds that the proposed Second Amended Complaint fails to cure the defects contained in the First Amended Complaint.

**Background**

Richelle Norman alleges that she received more than thirty telephone calls to her residential telephone number from Nicor between July 2012 and April 2013. On November 8, 2012, Norman placed her residential telephone number on the national "Do Not Call" list. Norman asserts that she never provided her telephone number to Nicor or gave written consent to be called.

Sometime in July 2012, Norman alleges that a representative of Nicor telephoned her and when she answered the phone, the person asked to speak with "Keisha Moore." Norman informed the caller that he had the wrong person and number, and told him to please stop calling her residential line. The caller asked Norman how long she had had the number in question, to which she responded that it was none of his business, but that the number does not belong to Keisha Moore. The caller then hung up.

Norman further alleges that she was called at least 20 more times after being notifying Nicor to stop calling. Norman also alleges that she was called at least 15 times after she placed her number on the "Do Not Call" list. Several of the calls left a recorded message stating, "Hello, this is an urgent message from Nicor Gas for Keisha Moore regarding the service at 832 Marengo Avenue, Forest Park, (inaudible Spanish)… if this is Keisha Moore, please press 1, if you need to place this call on hold in order to bring this person to the phone, please press 2, if you can take a message for this person, please press 3, if this is the wrong number to reach this party, press 4, … (music)." (First Am. Compl., Dkt. 16, ¶ 29). Other calls from Nicor would simply say "Please stay on the line," and Norman would hang up after answering the call.

On or about April 10, 2013, at approximately 9:46 a.m. Norman's husband answered the telephone. When he picked up, he heard a "clicking" noise and an automated message saying, "Please stay on the line," followed by music in the background. While Norman's husband was on hold, a pre-recorded message talked about energy and warranty products offered by Nicor. (*Id.* at ¶ 31). As her husband was about to hang up the telephone, a person came on the line asking to speak to "Keisha Moore." Norman's husband asked the caller for her name, which she said was "Karlin" from Nicor Gas. Norman told the rep that "Keisha Moore does not live here and that we have requested that this number be removed from their dialing system a long time ago." (*Id.*) The caller apologized and assured Norman that the number would be removed. The calls continued until Norman threatened legal action.

Norman alleges that she suffered emotional and psychological harm causing her to experience headaches, embarrassment, and humiliation as a result of the unsolicited calls.

**Legal Standard**

The basic pleading requirement is set forth in *Federal Rule of Civil Procedure* 8(a)(2), which requires a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although Rule 8 does not require a plaintiff to plead particularized facts, the factual allegations in the complaint must sufficiently raise a plausible right to relief above a speculative level. *Arnett v. Webster*, 658 F.3d 742, 751–52 (7th Cir. 2011). A *pro se* complaint is held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

Rule 12(b)(6) allows a defendant to move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In order to survive a motion to dismiss pursuant to Rule 12(b)(6), a complaint must contain sufficient factual allegations to state

a claim of relief that is plausible on its face. *Ashcroft*, 556 U.S. 662, 678 (2009). When ruling on a motion to dismiss a court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

*Federal Rule of Civil Procedure* 12(b)(1) provides for dismissal of a claim based on lack of subject matter jurisdiction, including lack of standing. *See Retired Chicago Police Ass'n v. City of Chicago,* 76 F.3d 856 (7th Cir. 1996). In order to survive dismissal for lack of subject matter jurisdiction, Norman must prove that she has standing to assert her claims. *Id.* (citing *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 561, 112 S. Ct. 2130, 2136, 119 L. Ed. 2d 351 (1992)). To demonstrate standing, a plaintiff must show (1) an injury in fact that is concrete and particularized, actual or imminent, not conjectural or hypothetical; (2) this injury is fairly traceable to the defendant's conduct; and (3) it is likely that the injury will be redressed by a favorable decision. *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.,* 528 U.S. 167, 180-81 (2000).

**Discussion**

Norman voluntarily dismisses Count II for lack of subject matter jurisdiction. This Court will therefore only address the sufficiency of the pleading in Count I. Nicor moves to dismiss Count I of the First Amended Complaint for failure to state a claim. Nicor argues that Norman fails to sufficiently plead that the calls were "telephone solicitations" within the meaning of the TCPA.

The TCPA prohibits any person or entity from initiating any "telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is

maintained by the Federal Government…". 47 C.F.R. § 64.1200 (c)(2); 47 U.S.C. § 227 (c)(1). The TCPA defines "telephone solicitations" as "the initiation of a telephone call or message for the purpose of ***encouraging the purchase or rental of, or investment in,*** property, goods, or services, which is transmitted to any person…". (Emphasis added.) 47 U.S.C. § 227(a)(4).

Although Norman argues that the telephone calls she received were the solicitation of services, the actual statements which she alleges constitute the solicitation do not support an inference that they were for the "purpose of encouraging the purchase or rental of, or investment in" Nicor services. The allegations in the First Amended Complaint clearly show that Nicor called Norman's number seeking to convey information to an individual named Keisha Moore. However, the allegations do not support a reasonable inference that Nicor placed the calls for a prohibited purpose. Norman asserts that the recorded message, "Hello, this is an urgent message from Nicor Gas for Keisha Moore regarding the service at 832 Marengo Ave. Forest Park…" shows that the purpose of the call was solicitation of services. This Court disagrees. The most logical inference of the intended purpose of the call from that statement is that Nicor was attempting to reach Ms. Moore about her current Nicor service. Nothing in the TCPA prohibits a company from contacting its current consumers about their current services. Norman fails to allege any facts that support a reasonable inference that Nicor placed the telephone calls to encourage either Norman or Ms. Moore to purchase, rent, or invest in anything.

Even Norman's so-called "second group" of calls – wherein her husband answered a call and while on hold heard messages touting Nicor's products and services, fails to support an inference that Nicor was soliciting services. Yet, as soon as a live person came on the line she asked to speak to Keisha Moore. Even if this Court were to find the recorded message, which Norman claims encouraged the purchase of Nicor products, the only reasonable inference to be

drawn from the call is that Nicor was attempting to reach one Keisha Moore about its services. Norman cites an Ohio Appellate Court case, *Irvin v. Akron Beacon Journal,* in support of her argument that such calls were initiated for a prohibited purpose. However, in *Irvin* there was evidence from the defendant that the purpose of these calls was to detect recently-connected telephone numbers so that it could generate a telemarketing list of numbers to be called by telemarketers in the future. *Irvine v. Akron Beacon Journal*, 147 Ohio App. 3d 428, 446, 770 N.E.2d 1105, 1118 (Ohio Ct. App. 2002). Moreover, Norman has alleged only one phone call with the recorded message touting Nicor's goods and services, and a minimum of two are required for a private right of action. 47 U.S.C. § 227(c)(5). Therefore, this Court dismisses Count I of the First Amended Complaint.

Norman's proposed Second Amended Complaint amends the allegations to include a second phone call like the one answered by her husband. This phone call was answered by Norman's daughter. The proposed Second Amended Complaint alleges that Norman's daughter answered the phone, heard a "clicking," and an automated message saying, "Please stay on the line." (Proposed Second Am. Compl., Dkt. 33-1, ¶ 32). Norman's daughter stayed on the line and heard a pre-recorded message soliciting energy and warranty products offered by Nicor Gas. *Id.* A "live" person came on the line asking to speak to "Keisha Moore" to which Norman's daughter replied "there is no Keisha Moore here." The caller simply replied, "ok thank you." *Id.* In order to be actionable two or more calls must be received in the same calendar year and Norman does not provide a date on which she received this call. *See* 47 U.S.C. § 227(c)(5). Additionally, Norman does not allege that the caller attempted any solicitation, either when her husband or her daughter answered the phone. Even viewing these allegations in the light most favorable to Norman, this facts do not support an inference that the calls were made for

solicitation of business. Accordingly, this Court finds that Norman's proposed Second Amended Complaint fails to cure the defects contained in the First Amended Complaint and leave to file the Second Amended Complaint is denied.

**Conclusion**

Based on the analysis contained herein, Nicor's Motion to Dismiss the First Amended Complaint [22] is granted. Norman's Motion for Leave to File the Proposed Second Amended Complaint [33] is denied without prejudice. The Court will allow Norman to seek leave to file a proposed Third Amended Complaint within 21 days of entry of this Order. Failure to adequately amend the complaint will result in dismissal with prejudice.

IT IS SO ORDERED.

Date:  October 23, *2013*

Entered: _____
United States District Judge