# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| RICHELLE K. NORMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 13 cv 3465 |
| v. ) | |
| ) | Judge Sharon Johnson Coleman |
| NORTHERN ILLINOIS GAS COMPANY d/b/a ) | |
| NICOR GAS COMPANY, INC., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Richelle K. Norman[1], *pro se*, filed a two-count Third Amended Complaint against defendant Northern Illinois Gas Company d/b/a Nicor Gas Company, Inc., ("Nicor"), alleging that Nicor called her telephone number after she placed it on the national do-not-call registry in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(c), and the Illinois Eavesdropping Act, 720 Ill. Comp. Stat. Ann. 5/14-1. Nicor moves to dismiss the Third Amended Complaint [39] for failure to state a claim and for lack of standing pursuant to *Federal Rule of Civil Procedure* 12(b)(6). For the reasons stated below, this Court grants the motion and dismisses the case with prejudice.

**Requests to Admit**

On January 16, 2014, Nicor filed a motion to deem admitted requests for admissions and for leave to supplement motion to dismiss [73]. Nicor asserts that it has been more than 30 days since it served the requests for admission and Norman has neither respond or moved for additional time to respond to the requests. Accordingly, Nicor moves this Court to deem the

---

[1] Plaintiffs Wayne Norman and Kaelin Pierce have been voluntarily dismissed from this case and thus no references to their claims are included herein.

1

statements admitted by operation of *Federal Rule of Civil Procedure* 36(a)(3). The Court grants Nicor's motion.

**Background**

Richelle Norman alleges that she received more than thirty telephone calls to her residential telephone number from Nicor between July 2012 and April 2013. On November 8, 2012, Norman placed her residential telephone number on the national "Do Not Call" list. Norman asserts that she never provided her telephone number to Nicor or gave written consent to be called.

Norman alleges that she received the first call in July 2012, in which a Nicor representative asked to speak with Keisha Moore. After Norman informed the representative that they had the wrong number and no Keisha Moore could be reached at Norman's residential telephone number, the representative hung up the telephone. (Third Amended Complaint, Dkt. 38 at ¶ 26). Norman alleges that the calls for Keisha Moore continued, including fifteen calls after Norman placed her telephone number on the national "Do Not Call" Registry.

On January 22, 2013, Norman's daughter answered the telephone and a recorded message stated, "Please stay on the line." The recording continued, stating, "You may be qualified for rebate incentives for purchasing and installing furnaces, boilers, and water heaters with warranties provided with each purchase, for more information call and ask about our efficiency program." Following the recording, a Nicor representative came on the line and asked for "Keisha Moore." When the representative was informed that no Keisha Moore resided there, he said thank you and hung up. (Dkt. 38 at ¶ 31).

On April 10, 2013, Wayne Norman answered the telephone and the same recording was played as during the January 22, 2013, call. A Nicor representative came on the line and asked

for Keisha Moore. Mr. Norman informed the representative that Keisha Moore does not live there and that they had requested the telephone number be removed from the database. The representative apologized and assured Mr. Norman that the number would be removed. (Dkt. 38 at ¶ 32).

Richelle Norman filed the instant cause of action on May 19, 2013, Nicor moved to dismiss the complaint, and in response Norman filed a First Amended Complaint. Nicor again moved to dismiss and before the Court could rule on the motion following briefing, Norman filed a Second Amended Complaint. This Court granted Nicor's motion to dismiss the First Amended Complaint and also ruled that the Second Amended Complaint failed to cure the defects in the First Amended Complaint. Norman then filed a Third Amended Complaint, adding Kaelin Pierce and Wayne Norman as plaintiffs and asserting a new claim under the Illinois Eavesdropping Act. Nicor again moved to dismiss the Third Amended Complaint in its entirety.

**Legal Standard**

The basic pleading requirement is set forth in *Federal Rule of Civil Procedure* 8(a)(2), which requires a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although Rule 8 does not require a plaintiff to plead particularized facts, the factual allegations in the complaint must sufficiently raise a plausible right to relief above a speculative level. *Arnett v. Webster*, 658 F.3d 742, 751–52 (7th Cir. 2011). A *pro se* complaint is held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

Rule 12(b)(6) allows a defendant to move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In order to survive a motion to dismiss pursuant to Rule 12(b)(6), a complaint must contain sufficient factual allegations to state

a claim of relief that is plausible on its face. *Ashcroft*, 556 U.S. 662, 678 (2009). When ruling on a motion to dismiss a court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

**Discussion**

Nicor moves to dismiss Count I of the Third Amended Complaint, alleging a violation of the TCPA section 227(c), for failure to state a claim. Nicor argues that Norman fails to sufficiently plead that the calls were "telephone solicitations" within the meaning of the TCPA and did not cure this defect found in previous complaints. In her response brief, Norman argues as if the complaint were alleging a violation of section 227(b). It is well established that a plaintiff may not amend her complaint through argument in an opposition brief. *See Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Walgreen Co.*, 631 F.3d 436, 448 (7 th Cir. 2011). Section 227(b) and section 227(c) of the TCPA each provide for separate causes of action for different violations. Norman alleges in her complaint a violation of 227(c).

The Third Amended Complaint fails to cure the defects contained in previous complaints with respect to the calls being "solicitations." The factual substance of the alleged calls is unchanged from the Second Amended Complaint. Norman added a date for the call answered by Wayne Norman, yet this change does nothing to alter the fact that this Court dismissed the previous complaints for failure to allege that the calls were solicitations within the meaning of the TCPA. (Dkt. 37). The TCPA prohibits any person or entity from initiating any "telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government…". 47 C.F.R. § 64.1200 (c)(2); 47

4

U.S.C. § 227 (c)(1). The TCPA defines "telephone solicitations" as "the initiation of a telephone call or message for the purpose of ***encouraging the purchase or rental of, or investment in,*** property, goods, or services, which is transmitted to any person…". (Emphasis added.) 47 U.S.C. § 227(a)(4). Even viewing these allegations in the light most favorable to Norman, the facts do not support an inference that the calls were made for solicitation of business. Instead, the purpose of the calls appears to be Nicor's desire to reach Keisha Moore as evidenced by the fact that every alleged call requested Keisha Moore and no representative of Nicor is alleged to have encouraged the purchase or rental or investment in any goods or services once the representative was informed the Keisha Moore could not be reached at that number. Accordingly, because Norman fails to allege telephone solicitations within the meaning of the TCPA, and has failed to do so with three amendments to her complaint, this Court grants Nicor's motion to dismiss Count I.

Count II of the Third Amended Complaint claims that Nicor violated the Illinois Eavesdropping Act, 720 Ill. Comp. Stat. 5/14-1, by recording Wayne Norman and Kaelin Pierce and replaying the recordings for numerous persons. (Dkt. 38 at ¶ 65). Nicor moves to dismiss this count because it meets a statutory exemption to the Illinois Eavesdropping Act for corporations recording calls for the purpose of assisting customers with the use of services. 720 ILCS 5/14-3(j).

Nicor further argues that the Illinois Eavesdropping Act is unconstitutional on its face. Nicor refers to the Seventh Circuit Court of Appeals' holding in *ACLU v. Alvarez,* 679 F.3d 583, 586 (7th Cir. 2012), that the statute is "likely unconstitutional" and remanded the case to this Court for further proceedings. On remand, this Court found the Illinois Eavesdropping Act, 720 ILCS 5/14, violates the First Amendment of the United States Constitution as applied to the open

audio recording of the audible communications of law enforcement officers (or others whose communications are incidentally captured) when the officers are engaged in their official duties in public places. *ACLU v. Alvarez,* No. 10 C 5235, 2012 U.S. Dist. LEXIS 181467, at *7-8 (N.D. Ill. Dec. 18, 2012). Based on the Seventh Circuit's analysis in *ACLU v. Alvarez,* several Illinois civil and criminal courts have found the statute unconstitutional because it lacks a reasonably close fit between the law's means and ends. *See, e.g., People v. Melongo*, 10 CR 8092, Circuit Court of Cook County, Criminal Division, Mem. Op. & Order of July 26, 2012, *p.l.a. granted and pending in the Illinois Supreme Court.*

While the Illinois Eavesdropping Statute may be unconstitutional, this Court need not delve into that issue here, where Nicor meets the exemption in 720 ILCS 5/14-3(j). Furthermore, Norman's allegations appear to be pure speculation that Nicor made any recordings and then played and replay such recordings for numerous persons. Accordingly, this Court grants Nicor's motion to dismiss Count II.

**Conclusion**

Based on the analysis contained herein, Nicor's motion to dismiss the Third Amended Complaint [39] is granted. Norman's complaint is dismissed in its entirety with prejudice. This Court has provided plaintiff with ample opportunity to adequately plead a cause of action and she has failed to do so. Therefore, Norman will not be allowed to file an Amended Complaint. *See Sound of Music Co. v. Minnesota Mining & Mfg. Co.,* 477 F.3d 910, 922 (7th Cir. 2007). Civil case terminated.

IT IS SO ORDERED.

Date:   January 16, 2014          Entered:   _____

United States District Judge